IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAN SPARACO,                                                    *
1118 St. Paul Street, 2R
Baltimore, MD 21202                                             *
(Baltimore City)
                                                                *

     Plaintiff, *pro se*,                                     *

     v.                                                    *

LINDA H. LAMONE,                                                *
STATE ADMINISTRATOR, STATE
BOARD OF ELECTIONS,                                             *      CASE NO. 1:16-cv-01579
in her official capacity,
151 West Street, Suite 200                                      *
Annapolis, MD 21401,
(Anne Arundel County)                                           *

DAVID J. MCMANUS, JR.,                                          *
CHAIRMAN, STATE BOARD OF
ELECTIONS, in his official capacity,                            *
151 West Street, Suite 200
Annapolis, MD 21401,                                            *
(Anne Arundel County)
                                                                *

PATRICK J. HOGAN,                                               *
VICE-CHAIRMAN, STATE BOARD OF
ELECTIONS, in his official capacity,                            *
151 West Street, Suite 200
Annapolis, MD 21401,                                            *
(Anne Arundel County)
                                                                *

BOBBIE S. MACK, MEMBER, STATE
BOARD OF ELECTIONS, in her official                             *
capacity, 151 West Street, Suite 200
Annapolis, MD 21401,                                            *
(Anne Arundel County)
                                                                *

KELLEY A. HOWELLS,                                              *
MEMBER, STATE BOARD OF
ELECTIONS, in his official capacity,                            *
151 West Street, Suite 200

Annapolis, MD 21401,
(Anne Arundel County)                          *

MICHAEL R. COGAN, MEMBER, STATE              *
BOARD OF ELECTIONS, in his official          *
capacity, 151 West Street, Suite 200
Annapolis, MD 21401,                         *
(Anne Arundel County)                        *

    Defendants.                              *

   *   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Ballot access in presidential-year elections for Maryland political candidates who are *unaffiliated with a political party* was unconstitutionally limited by state legislative action in 2015. Before this action, the deadline for such a candidate was July 1, a date born from a comprehensive overhaul of Maryland election law in 1998. Now, unaffiliated candidates in 2016 – and in all future presidential-year elections – are subject to a filing deadline that is eighty-three days before the major party primaries.

Maryland now has the earliest deadline in the nation, *by far*, applicable to an independent presidential candidate in 2016, and it also has the earliest deadline, *by far*, applicable to independent candidates for local office than any other state in the Fourth Circuit.

This deadline change has the unconstitutional effect of benefitting major party nominees and disadvantaging unaffiliated candidates, and this infringes on the First and Fourteenth Amendment rights of voters to cast a ballot for the candidate of their choice. There was no reasonable, nondiscriminatory basis for the 2015 amendment, which this Court should invalidate, together with permanently enjoining Defendants to accept Plaintiff's declaration of intent to seek ballot access by petition on or before the deadline previously in effect, July 1, 2016.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1343(a)(3) and (a)(4).

2.      This Court has authority pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of

the Federal Rules of Civil Procedure to grant the requested declaratory and further proper relief.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all events

giving rise to this action occurred in this district.

## PARTIES

4.      Plaintiff is a resident of Baltimore City's 12th Councilmanic District and a

registered voter unaffiliated with any political party.  Plaintiff is over eighteen years of age and

has been resident and qualified voter of the district for at least 1 year preceding the election. He

seeks access to the general election ballot this November as a City Council candidate in his

District.

5.      Defendant Linda H. Lamone is the State Administrator of the Maryland Board of

Elections ("the Board"), and as such is employed as an officer, employee, and agent of the

Board. Ms. Lamone serves as the chief election official for Maryland. Her office is located in

Annapolis, Maryland. Ms. Lamone is sued in her official capacity.

6.      Pursuant to Election Law § 2-102, the Board manages and supervises the conduct

of elections in the State and ensures compliance with State and federal law.  The Board

also directs and monitors the activities of each local election board across the State.  Under

Election Law § 2-201, each local board and its staff is subject to the direction and authority of

the State Board.

3

7.      Defendant David J. McManus, Jr. serves as the Chairman of the Board and is sued in his official capacity.

8.      Defendant Patrick J. Hogan serves as Vice Chairman of the Board and is sued in his official capacity.

9.      Defendants Bobbie S. Mack, Kelley A. Howells, and Michael R. Cogan serve as members of the Board and are sued in their official capacities.

## FACTS

10.     Maryland provides three ways for an individual to qualify as a candidate on a general election ballot.

11.     Those who seek nomination as a candidate of a principal political party are chosen by party primary.  The "principal political parties" are the two parties whose candidates for Governor received the highest and second highest number of votes of any party candidate at the preceding general election.

12.     Those who seek nomination as a candidate of a non-principal political party may do so in accordance with the constitution and by-laws of that political party.

13.     Candidates not affiliated with any political party may be nominated by a petition signed by not less than 1% of the total number of voters who are eligible to vote for the office for which the nomination by petition is sought, but not less than 250 registered voters.

14.     To secure ballot access, an unaffiliated candidate first must submit a declaration of intent to seek ballot access by petition.  Then the candidate must submit a petition with a sufficient number of signatures. At the same time as submitting the petition, the candidate must submit a certificate of candidacy.

4

15.     Plaintiff meets all requirements applicable to a political candidate for City

Council, and seeks access to the general election ballot this November by petition as a City

Council candidate in the 12th Councilmanic District.

**The previously-effective deadline for independent
candidates in presidential years was July 1,
and was established by law in 1998.**

16.     In 1996, because Maryland's existing election laws were outdated and archaic,

and needed a substantial update to comport with the needs of modern election administration, a

Commission to Revise the Election Code was convened by an act of the General Assembly.

17.     The Commission to Revise the Election Code issued its report in December 1997.

18.     In its 1998 Session, the Maryland General Assembly carried out the work of the

Commission by enacting a complete overhaul of most sections of the Maryland election law.

19.     In the context of that statutory overhaul, a deadline of July 1 was formalized as

the date by which a party-unaffiliated candidate seeking ballot access by petition had to file a

declaration of intent to do so.

5-703. Nomination by petition.

(a) Scope.

Except for a candidate for a county board of education, this section
applies to any candidate for public office subject to this title.

(b) In general.

A candidate for a public office may be nominated by petition under
this subtitle if the candidate does not seek nomination through a
party primary.

(c) Declaration of intent.

5

(1) A candidate for public office who seeks nomination by petition shall file a declaration of intent to seek nomination by petition.

(2) The declaration of intent shall be filed with the board at which the candidate files a certificate of candidacy under subtitle 3 of this title.

(3) The declaration of intent shall be filed as follows:

(i) In a year in which the governor is elected, by the date and time specified for a candidate to file a certificate of candidacy;

(ii) **In a year in which the president is elected, by July 1**[.]

20.     The date by which a petition candidate must file signatures was also formalized:

5-703. Nomination by petition.

[. . . .]

(f) Time and place for filing petition signatures.

(1) . . . a petition that contains the required number of signatures specified under subsection (e)(1) of this section shall be filed with the appropriate board **by 5 p.m. on the first Monday in August in the year in which the general election is held.**

**During its 2015 Session, the General Assembly changed**
**the July 1 deadline to February 3.**

21.     During its 2015 Session, the General Assembly amended the date by which such a

candidate has to file a declaration of intent, with Senate Bill 204.

22.     The amendment made the filing deadline for unaffiliated candidates the same as

the filing deadline for principal political party candidates, even though one seeks access only to

the general election, while the other seeks access to a party primary.

6

23.    The language of the enrolled bill is below, reflecting the changes.  Capitals indicate matter the bill, as introduced, would add to existing law.  Brackets indicate matter the bill, as introduced, would delete from the existing law.  Underlining indicates amendments made to the bill in session. Strike-out language indicates matter stricken from the bill in session by amendment or deleted from the law by amendment.  Italics indicate opposite chamber or conference committee amendments.

       5–703.

    (c)      (1) A candidate for public office who seeks nomination by petition shall file a declaration of intent to seek nomination by petition.

             (2) The declaration of intent shall be filed with the board at which the candidate files a certificate of candidacy under Subtitle 3 of this title.

             (3) The declaration of intent shall be filed as follows:

                   (i) in a year in which the Governor is elected ~~or the Baltimore City municipal election is held~~, by the date and time specified for a candidate to file a certificate of candidacy;

                   (ii) in a year in which the President ~~is~~ ***AND MAYOR OF BALTIMORE CITY ARE*** elected, by [July 1] **THE DATE AND TIME SPECIFIED FOR A CANDIDATE TO FILE A CERTIFICATE OF CANDIDACY . . .**

24.    The date and time specified under Maryland law for a candidate to file a certificate of candidacy is no later than 9 p.m. on the Wednesday that is 83 days before the day on which the primary election will be held.

25.    In 2016, this day was February 3, eight-three days in advance of the April 26 primary.

26.    The amendment left unchanged the date on which a candidate seeking ballot access by petition must file the petition itself, which is 5 p.m. on the first Monday in August in the year in which the general election is held.

**The 2015 amendment puts Maryland drastically
out of step with the country, and this Circuit, concerning
treatment of independent candidacies.**

27.    This changed deadline is drastically earlier than that applicable to independent or unaffiliated presidential candidates in every other state in the country:

| Maryland | 2/3/2016 | Maine | 8/1/2016 | Utah | 8/15/2016 |
|---|---|---|---|---|---|
| Texas | 5/9/2016 | Nebraska | 8/1/2016 | Montana | 8/17/2016 |
| North Carolina | 6/9/2016 | New Jersey | 8/1/2016 | Alabama | 8/18/2016 |
| Illinois | 6/27/2016 | Pennsylvania | 8/1/2016 | Tennessee | 8/18/2016 |
| Indiana | 6/30/2016 | Vermont | 8/1/2016 | Iowa | 8/19/2016 |
| New Mexico | 6/30/2016 | West Virginia | 8/1/2016 | Louisiana | 8/19/2016 |
| Nevada | 7/8/2016 | Massachusetts | 8/2/2016 | Minnesota | 8/23/2016 |
| Georgia | 7/12/2016 | South Dakota | 8/2/2016 | New York | 8/23/2016 |
| Delaware | 7/15/2016 | Wisconsin | 8/2/2016 | Idaho | 8/24/2016 |
| Florida | 7/15/2016 | Alaska | 8/10/2016 | Virginia | 8/26/2016 |
| Oklahoma | 7/15/2016 | Colorado | 8/10/2016 | Oregon | 8/30/2016 |
| South Carolina | 7/15/2016 | Connecticut | 8/10/2016 | Wyoming | 8/30/2016 |
| Michigan | 7/21/2016 | Hawaii | 8/10/2016 | North Dakota | 9/5/2016 |
| Washington | 7/23/2016 | New Hampshire | 8/10/2016 | Arizona | 9/9/2016 |
| Missouri | 7/25/2016 | Ohio | 8/10/2016 | Kentucky | 9/9/2016 |
| Arkansas | 8/1/2016 | Washington, D.C. | 8/10/2016 | Mississippi | 9/9/2016 |
| Kansas | 8/1/2016 | California | 8/12/2016 | Rhode Island | 9/9/2016 |

28.    And, this new deadline is far earlier than that applicable to local candidates in any state in this Circuit, relative to each state's primary election date:

| | Primary Date | Filing Deadline | Days before/after Primary |
|---|---|---|---|
| Maryland | April 26, 2016 | February 3, 2016 | 83 days before. |
| North Carolina | March 15, 2016 | June 9, 2016 | 86 days after. |

| South Carolina | June 14, 2016 | June 15, 2016 | 1 day after. |
| Virginia | June 14, 2016 | June 14, 2016 | Same day. |
| West Virginia | May 10, 2016 | August 1, 2016 | 83 days after. |

**There is no constitutionally justifiable basis
for a petition candidate filing deadline
<u>83 days before the major party primaries.</u>**

29.     There is no reasonable, non-discriminatory, constitutional basis for the last-minute change of the petition candidate deadline making it five months earlier than the date in effect for the previous seventeen years.

30.     There is no reasonable, non-discriminatory, constitutional basis for this amendment, which effectively bars, but at the very least substantially disadvantages, party-unaffiliated candidates seeking access to Maryland's general election ballot on November 8, 2016.

31.     The very nature of the petition candidacy is to provide an option to voters unsatisfied with the choices provided to them by the major parties, and to intervene into events as they unfold during and after the party primary.

32.     The rationale for a petition candidacy often only emerges at a date well after the newly-imposed deadline.

33.     There is no justification for requiring petition candidates and candidates for major party nomination to meet the same filing deadline, one that is 83 days before the major party primaries, because petition candidates seek access only to the general election.

34.     By treating petition candidacies identically to major party candidacies, petition candidacies are discriminated against, and the constitutional rights of voters who might coalesce around such candidacies are infringed.

35.     The legislative history of Senate Bill 204 contains no reference to administrative or bureaucratic reasons for changing the 2016 filing deadline from July 1 to February 3.

36.     In fact, Defendants have successfully managed a municipal election in a presidential election year in which independent candidates sought and achieved ballot access by petition.

37.     In 2004, the Baltimore City municipal general election was held in correspondence with the presidential general election.

38.     In that general election, an unaffiliated candidate for the 8th Councilmanic District sought and achieved ballot access by petition.

39.     Also in that election, upon information and belief, at least two other unaffiliated candidates, one for the office of mayor and another for the office of City Council president, also sought ballot access by petition, but were unable to secure sufficient signatures.

40.     Nothing in the history of the passage of Senate Bill 204 in 2015 indicates a reason why the circumstances of the 2016 election year would so be materially different than those of the 2004 election year that the deadline applicable to unaffiliated candidacies in 2016 had to be accelerated by five months.

41.     The date by which a petition candidate must file their signatures, moreover, was left unchanged by the 2015 amendments, and it remains the first Monday in August.

42.     Because signatures are still to be filed in August, no more relevant information about a petition candidate is gathered under the February 3 deadline than would have been the July 1 deadline.

43.     Because signatures are still to be filed in August, there is no benefit to election oversight from the perspective of administration, or the management of ballot access, from the much earlier deadline to file a declaration of intent.

44.     Defendants have gained nothing by virtue of the deadline change for Plaintiff to file a declaration of intent, but Plaintiff's candidacy has been substantially, and unconstitutionally, disadvantaged by it.

## CAUSE OF ACTION (42 U.S.C. § 1983)

45.     Plaintiff repeats and re-alleges paragraphs 1 to 44 and incorporates them herein by reference.

46.     The First and Fourteenth Amendments of the United States Constitution protect the right to vote as a fundamental right. The First Amendment's guarantees of freedom of speech and association protect the right to vote and to participate in the political process.  This right includes the right to vote for the candidate of one's choice.

47.     Under Maryland Election Law Article § 5-703(c)(ii), a candidate for public office who seeks nomination by petition must file a declaration of intent "by the date and time specified for a candidate to file a certificate of candidacy," or, 83 days before the primary.

48.     This filing deadline imposes an unconstitutional, unreasonable and discriminatory burden upon the rights of Plaintiff and the corresponding rights of voters.

49.     Plaintiff seeks access to the general election ballot in Baltimore City's 12th Council District, and seeks to do so in order to reach voters who hope to have an alternative to the principal party nominee in that District.

50.     By requiring both party primary candidates and petition candidates in Maryland to file by the same deadline, § 5-703(c)(ii), as amended in 2015, causes injury of significant

character and magnitude to the rights protected by the First and Fourteenth Amendments that Plaintiff seeks to vindicate.

51.     While appearing to treat petition candidates and party candidates similarly, Maryland law actually disadvantages Plaintiff and other petition candidates.

52.     No legitimate or reasonable or nondiscriminatory State interest exists to justify the burden imposed on Plaintiff and other petition candidates by the 2015 amendment to § 5-703(c)(ii).

53.     In the absence of such interest, there is no State interest that makes it necessary to burden Plaintiff and other petition candidates in the manner that the 2015 amendment to § 5-703(c)(ii) does.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor:

1. Declaring Maryland Election Law § 5-703(c)(ii) to be in violation of the First and Fourteenth Amendments to the United States Constitution, both as applied to Plaintiff's petition candidacy and facially so;

2. Enjoining Defendants, on both a preliminary and permanent basis, as well as their agents and employees, from enforcing the February 3, 2016 deadline by which a petition candidate was to have filed a declaration of intent;

3. Enjoining Defendants, on both a preliminary and permanent basis, as well as their agents and employees, to accept Plaintiff's declaration of intent on or before the July 1, 2016, the deadline under Maryland Election Law § 5-703(c)(ii) at it existed prior to the unconstitutional 2015 amendment, and to subsequently accept Plaintiff's petition and certificate of candidacy pursuant to the dates required by law, and to treat his

candidacy as lawful, and as otherwise required by law;

4.   Granting Plaintiff such other and further relief as this Court deems just and equitable.


Respectfully Submitted,

_____/s/_____
DANIEL J. SPARACO, ESQ. (#29258)
Plaintiff, *pro se*
1118 St. Paul Street, #2R
Baltimore, MD 21202
(443) 526-1501
dansparaco@gmail.com